OPINION
Appellant, Ruby Evans, appeals the decision of the Portage County Court of Common Pleas, in which appellee's, Byers Enterprises, Inc., motion for summary judgment was granted.
Appellee is in the business of renting automobiles. On August 10, 1996, appellant rented a new, green, four-door, 1996 Dodge Intrepid automobile from appellee for her personal use. Appellant rented the vehicle at appellee's Columbus, Ohio, office after her automobile had caught fire during a trip to the city to pick up her son and his family so that they all could attend a picnic in Geauga County. Appellant testified in a deposition that nobody had used the trunk or operated the trunk lid between the time that the vehicle was obtained from appellee and the time that she arrived at her son's house in Columbus. After arriving at her nephew's home, her nephew opened the trunk to load some of appellant's belongings. While loading the items, the trunk lid suddenly fell closed and struck her nephew. Even though appellant did not witness the event, her nephew informed her of what had happened.
While in Geauga County the next day, appellant opened the trunk to place a picnic basket into the trunk. After fully opening the vehicle's trunk, and while placing the basket into the trunk, the trunk lid unexpectedly fell, striking appellant in the face and causing injury to her. Appellee inspected the vehicle upon its return and found no defect or problem with the trunk lid.
Appellant subsequently instituted a negligence action against appellee claiming that the vehicle was defective and had been improperly maintained. On July 20, 1998, appellee filed a Civ.R. 56 motion for summary judgment. Appellant filed its response to the motion for summary judgment on September 23, 1998, and alleged, among other things, that the pictures of the vehicle were of a different Dodge Intrepid than the one she rented because the one pictured was blue instead of green. In a judgment entry dated October 1, 1998, the trial court granted summary judgment in favor of appellee.
Appellant now files the instant appeal, asserting the following assignment of error:
 "Verdict by the [l]ower [c]ourt granting [appellee] a [s]ummary [j]udgment ignored the false defense of [appellee] that the subject vehicle which shown in a colored picture attached to its [a]ffidavits was not in fact the actual vehicle that was rented to [appellant] by [appellee] [sic]."
In the error proffered before this Court, appellant contends that the trial court erred in granting summary judgment in favor of appellee because the pictures of a blue Dodge Intrepid, instead of the exact car she drove, indicate a deceitful and obvious attempt to cover-up its negligent maintenance of the vehicle at issue in this matter.
At the outset of this opinion, it is important to recognize that a person who enters into a rental contract for the use of an automobile from a car rental agency is entering into a lease of the car under which the rental car company is the lessor and the party taking possession is the lessee. See Tyler v. Kelley
(1994), 98 Ohio App.3d 444, 445; Continental Cas. Co. v.Frangopoulos (Dec. 15, 1995), Trumbull App. No. 95-T-5268, unreported, at 2, 4; State v. Maxwell (Sept. 25, 1992), Wood App. No. 91WD107, unreported, at 2, 1992 WL 238625; Allstate Ins. Co.v. Porter (July 28, 1992), Franklin App. No. 91AP-1441, unreported, at 1, 1992 WL 185669.
The first issue that this Court must address is the extent to which a commercial lessor of automobiles can be treated in a similar fashion to that of a seller under the Restatement of Torts and Ohio law. In the Restatement (Second) of Torts, lessors and sellers are treated somewhat differently for purposes of determining liability in situations where a chattel causes injury. Sections 407 and 408 of the Restatement solely govern "lessors," while Sections 402 and 402A (strict liability) apply to "sellers." However, this Court is aware of only the adoption of Section 402A in Ohio. Templev. Wean United, Inc. (1977), 50 Ohio St.2d 317, 322.
Importantly, Ohio courts have extended the application of Section 402A to commercial lessors on the basis that "[t]here is no logical reason to distinguish commercial lessors from manufacturers or sellers for the application of strict liability."Miles v. Gen. Tire Rubber Co. (1983), 10 Ohio App.3d 186, 189; see, also, Anderson v. Olmsted Util. Equip., Inc. (1991),60 Ohio St.3d 124, 129. The Supreme Court of Ohio further reasoned that the term "seller," as used in Section 402A, should also include commercial lessors because:
 "`Commercial lessors, like manufacturers and sellers, regularly introduce potentially dangerous products into the stream of commerce and similarly are in a better financial and technical position than lessees to ensure [sic] against the risk for injuries from [defective] products. Commercial lessors are also better able to analyze the potential danger of a product than lessees since they deal regularly with the product.'" (Emphasis added.) Anderson, 60 Ohio St.3d at 129, quoting Miles, 10 Ohio App.3d at 189.
At least sixteen other states have treated commercial lessors as sellers and manufacturers for purposes of applying strict liability. Miles, 10 Ohio App.3d at 189. These facts indicate that the traditional treatment of commercial lessors as entities to be treated differently than sellers and manufacturers is eroding.
For the same reasons that the Supreme Court of Ohio has held that Section 402A applies to commercial lessors, we conclude that Section 402 also should apply to them. Section 402 states:
 "A seller of a chattel manufactured by a third person, who neither knows nor has reason to know that it is, or is likely to be dangerous, is not liable in an action for negligence for harm caused by the dangerous character or condition of the chattel because of his failure to discover the danger by an inspection or test of the chattel before selling it."
Moreover, the holding in Temple also should apply to commercial lessors, as they regularly introduce products into the stream of commerce. In Temple, 50 Ohio St.2d at 325, the Supreme Court of Ohio articulated the negligence standard to be applied in a products liability action against a seller:
 "In Ohio, the case law has established that a manufacturer or vendor is negligent when he has knowledge of a latent defect rendering a product unsafe and fails to provide a warning of such defect."
In the instant matter, pursuant to Kelly, Frangopoulos, Maxwell, and Porter, appellee and appellant entered into a lessor-lessee relationship when appellant "rented" the vehicle from appellee on August 10, 1996. In addition, appellee is indisputably a commercial lessor of automobiles and, therefore, is to have liability assessed in accordance with Ohio law and Sections 402A and 402 of the Restatement (Second) of Torts for injuries caused by vehicles introduced into the stream of commerce through its leasing practices. Moreover, the vehicle at issue in this case was introduced into the stream of commerce when it was leased/rented to appellant. Consequently, both Section 402 and the holding in Temple apply to this action premised on negligence.
Since the issue to be decided by this Court concerns whether the trial court improperly granted appellee's motion for summary judgment, a brief discussion of Civ.R. 56 is necessary. Pursuant to Civ.R. 56(C), a party is entitled to summary judgment if he or she demonstrates that there exists no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. See, also, Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. Summary judgment can not be rendered unless "reasonable minds [could] come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." Civ.R. 56(C). The party moving for summary judgment bears the burden of showing that no genuine issue exists as to any material fact. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. Consequently, the nonmoving party is forced to produce evidence on any issue for which that party bears the burden of production at trial. Wing v.Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111.
In the instant appeal, appellant attacks the trial court's judgment entry granting summary judgment solely on the basis that appellee submitted pictures of a properly functioning trunk on a blue Dodge Intrepid instead of the green Intrepid she rented. Assuming, arguendo, that the vehicle submitted in the pictures attached to appellee's affidavit are not of the actual vehicle at issue in this matter, we conclude that the trial court did not err in its determination because appellant has failed to offer any evidence demonstrating that appellee had knowledge of the defective trunk and failed to issue an appropriate warning, as required by the Ohio Supreme Court in Temple. Even under a Section 402 analysis, the same result is achieved by virtue of the fact that appellee can not be held liable in a negligence action for failing to discover the damaged trunk lid, since the vehicle was manufactured by a third person and no evidence introduced indicated that it knew or had reason to know of its alleged dangerous character.
Pursuant to the rule of law provided in Wing, once appellee filed its motion for summary judgment and supported its motion with affidavits indicating that it did not know of the defect and, in fact, denied that any defect was found upon the automobile's return, appellant had the reciprocal burden to submit evidence setting forth specific facts explaining that such defect was known, as he would have the burden to produce such evidence at trial. Even if appellee submitted a picture of a different Intrepid than the one rented by appellant, that demonstrative item alone does not show that appellee had knowledge of the alleged defective trunk. Consequently, appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is without merit and the judgment of the Portage County Court of Common Pleas is affirmed.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.